LA CASA DEL PUEBLO, INC., an Illinois Corporation, Plaintiff,

v.

LOCAL 703, INTERNATIONAL BROTH-ERHOOD OF TEAMSTERS; Dominic Senese, as President and Individually; Lucien Senese, as Secretary–Treasurer and Individually, Defendants.

No. 89 C 1016.

United States District Court, N.D. Illinois, E.D.

Feb. 16, 1989.

J. Paige Clousson, James F. Hendricks, Jr., Nancy E. Bertoglio, and John P. Morrison, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

Irvin Jacobson, James Jacobson, and William Lennon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case appears to be a simple breach of contract case made complicated by the fact that one party, Local 703 of the International Brotherhood of Teamsters ("Local 703"), has chosen to take collective self-help action against the other, La Casa del Pueblo, Inc. ("La Casa"), rather than settling the dispute in court. Local 703 insists that it has a collective bargaining agreement with La Casa, a small grocery store, and that, under this agreement, La Casa is obligated to make contributions to certain pension funds on behalf of one of its employees. La Casa, in turn, denies that there is such an agreement, and has therefore refused to make these contributions on the grounds that doing so would violate § 302 of the Labor Management Relations Act ("the LMRA"), 29 U.S.C. § 186.

Rather than taking its case to court, as a union pension fund successfully did in *Gariup v. Birchler Ceiling & Interior Co.*, 777 F.2d 370 (7th Cir.1985), Local 703 chose to initiate a picket and boycott against La Casa on January 7, 1989. Less than two weeks later, however, Local 703 did go to court, filing a complaint under the LMRA and other statutes seeking to compel La Casa to contribute to the pension funds. That case, docketed as civil case number 89 C 472, was assigned to Judge Hart.

In January, La Casa apparently sought relief from the picketing with the National Labor Relations Board, but its complaint was dismissed on the grounds that the picketing "has not exceeded thirty days" and, in any case, does not violate the National Labor Relations Act because "there is only a one person [bargaining] unit [at La Casa]." Although La Casa could have appealed this dismissal, it chose instead to invoke this court's jurisdiction under § 302(e) of the LMRA, 29 U.S.C. § 186(e), in an effort to restrain Local 703's alleged violations of this act. La Casa has also pleaded claims for damages against the union under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. It filed its complaint here on February 8, 1989.

Simultaneously with the filing, La Casa sought a preliminary injunction or a temporary restraining order staying the union's action against it. Local 703 responded immediately with a motion to continue the motion for a TRO, arguing in part that this

case should be consolidated with the case it had filed with Judge Hart, and that a motion for relatedness was being presented to Judge Hart. That motion, however, had not yet been presented to the judge when the case came before this court for a hearing on February 14.

At a brief hearing on that date, this court determined that a more extensive evidentiary hearing would be necessary to decide whether a preliminary injunction should issue. That hearing is scheduled for February 24, 1989. The question that remains at this juncture is whether or not a TRO should be issued pending that hearing.

La Casa argues that a TRO is essential to prevent irreparable harm to it before the preliminary injunction hearing can be held. It asserts that the union's activities are taking a severe toll on its ability to serve its customers, and that every day that passes further alienates consumers from its store. La Casa also argues the merits of its case in an effort to demonstrate that it will ultimately prevail on its claims.

Local 703, in turn, contends that it will suffer irreparable harm if a TRO issues, because such an order would effectively nullify the effects that its collective action has had, and would give La Casa the ability to restock its shelves and recoup its lost customers before the ruling on the preliminary injunction. Local 703 also engages in a rather extensive argument on the merits of the case, insisting of course that it will prevail, but the union does not explain why it chose a self-help remedy against La Casa rather than simply suing the employer in court to enforce the terms of the (alleged) collective bargaining agreement. Finally, Local 703 argues that this court should not grant a TRO here because La Casa should have brought its claims as compulsory counterclaims in the case pending before Judge Hart.

Local 703's final argument is dispositive. Although the question of whether a temporary restraining order is appropriate here would be a close one in the absence of the case before Judge Hart, it is not close in light of that case. Local 703 filed its com-

plaint on January 19, 1989. On February 9, La Casa filed its complaint in this court, alleging nearly identical facts to those alleged by Local 703 in its case, and alleging legal theories on all fours with its (likely) defenses there.

Rule 13(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action. . . .

Rule 13(a) makes clear that La Casa's claims here will be compulsory counterclaims in Judge Hart's case at the time that La Casa files an answer in that case. Thus, although La Casa has not yet violated the express terms of Rule 13(a) by filing this lawsuit, it has circumvented the spirit of the rule, and will violate the terms of the rule as soon as it answers Local 703's complaint. *See* Rule 13(a) Notes of Advisory Committee on 1946 Amendment:

> The rewording of this subdivision ... insures against an undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action by before serving his pleading in the federal action.

La Casa could have brought its claims as counterclaims in that case. Instead, La Casa chose to start another case—perhaps because it was forum shopping, perhaps because it did not understand the concept of counterclaims in federal court. In any event, the problem that arises is that two courts now have before them separate cases that should be one.

Because the decision as to whether or not to consolidate these two cases rests with the judge having the case with the lower number, that decision must be made by Judge Hart. However, should the judge decide to consolidate, any order rendered by this court will necessarily impair that court's ability to take a fresh look at the case. Indeed, were this court to issue a ruling in this case, Judge Hart could legitimately issue an injunction prohibiting the parties from obeying this court's order. *See* Wright & Miller, *Federal Practice & Procedure: Civil* § 1418 at 103–04.

Accordingly, the appropriate action for this court to take at this point is to stay the proceedings in this case pending Judge Hart's ruling on the motion to consolidate. If he denies it, then La Casa may renew its motion for a TRO with this court.

### CONCLUSION

La Casa's motion for a temporary restraining order is denied.